IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| USAA FEDERAL SAVINGS BANK | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO.: 5:15-cv-00194 |
| | § | |
| GILBERT LAVEAN | § | |
| And JEANNE BAIRD | § | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT AND DISCHARGE

USAA Federal Savings Bank ("USAA FSB") hereby requests that the Court render default judgment against Defendant Jeanne Baird in this interpleader action.

It is unusual for there to be a default judgment in an interpleader case but one is necessary in this case. Jeanne Baird and Gilbert LaVean both made a claim for the same account (valued at approximately $9,500). After Jeanne Baird was served in this lawsuit, a person purporting to be her attorney claimed that she would not file an answer – but, strangely, the person purporting to be Ms. Baird's attorney also would not provide any documentation from Ms. Baird indicating (a) that the attorney actually represented Ms. Baird or (b) that Ms. Baird was dropping her claim to the $9,500 at issue.

Ms. Baird thus has placed USAA FSB in a difficult position. On the one hand, Ms. Baird will not withdraw her claim to the $9,500 – and thus, if USAA FSB just dismisses this action without judgment, it faces the possibility of multiple liability in the future. On the other hand, Ms. Baird refuses to file an answer, thereby preventing USAA FSB from obtaining a standard judgment in this case. The only solution is for USAA FSB is to file for a default judgment, so that it can obtain the relief of interpleader and protection from a potential suit in the future. The Clerk has already entered default against Ms. Baird.

1

## FACTUAL BACKGROUND

On February 6, 2009, Mitchell LaVean died. Mr. LaVean had three accounts with USAA FSB, only one of which is currently in dispute: a Self-Directed ("Brokerage") IRA valued at approximately $9,500.

Defendant/Claimant Jeanne Baird, Mr. LaVean's ex-wife, is the designated primary beneficiary of Mr. LaVean's Brokerage IRA. Defendant/Claimant Gilbert LaVean, Mr. LaVean's father, is the designated contingent beneficiary of the Brokerage IRA. A final Decree of Divorce in the matter of Mitchell LaVean and Jeanne Baird was entered on November 16, 1993.

On October 29, 2014, USAA FSB received an Affidavit of Heirship designating Mr. LaVean's parents as sole heirs. On November 4, 2014, USAA FSB received a Judgment of Heirship divesting all of Mr. LaVean's property to his parents. Enclosed with the Judgment was a Letter of Administration appointing Gilbert LaVean with a handwritten note stating the "County Clerk says [letters of appointment] are good forever." Despite the Letters of Administration, Jeanne Baird has claimed she is entitled to the assets of the Brokerage IRA.

Since USAA FSB faced conflicting claims for the approximately $9,500 at issue, it filed the instant suit in interpleader. The Court ordered bond on April 10, 2015. *See Docket # 6.*[1] Ms. Baird was served on April 22, 2015. *See Docket # 7.*

On May 10, 2015, USAA was contacted by Sarah Nicolas, an attorney in Austin, who claimed that Ms. Baird was not planning on filing on answer. *See Ex 1, First Letter of Sarah Nicolas.* USAA FSB asked Ms. Nicolas to provide a stipulation that Ms. Baird was no longer seeking to recover the funds at issue in the interpleader; Ms. Nicolas responded that Ms. Baird

---

[1] USAA FSB posted cash bond of $10,000 with the Clerk of the Court by May 10, 2015.

was not her client, but Ms. Nicolas did not understand why USAA FSB needed a stipulation. *Ex. 2, Second Email from Ms. Nicolas*. Undersigned counsel explained that the lack of stipulation left USAA in the position of potentially being sued again, but no stipulation from Ms. Nicolas or additional correspondence from Ms. Baird was ever received by undersigned counsel.

On July 22, 2015, the Clerk of the Western District of Texas entered default against Ms. Baird. *See Docket # 9*. USAA FSB now seeks entry of a default judgment against Ms. Baird, an award of the funds to Mr. LaVean, an interpleader injunction enjoining Mr. LaVean or Ms. Baird from further suit against USAA FSB regarding these funds, and a release of the bond which USAA FSB posted with the Clerk.

USAA FSB seeks reimbursement of attorneys' fees and court costs in the amount of $660. A copy of the billing statement, reflecting the court costs for filing and service, is attached hereto as Exhibit 3.

## ANALYSIS

A court may enter a default judgment against a party which has not filed a responsive pleading or otherwise defended the suit. *See* FED. R. CIV. PRO. 55(a), (b)(2); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163-64 (1st Cir. 2004). The Court here should render default judgment against Ms. Baird because she did not file a responsive pleading or otherwise defend the suit.

Defendant is not a minor or incompetent person. The Department of Defense has no record of Ms. Baird being a member of the military; likewise, she is not a federal officer or a federal agency. An affidavit regarding her military service is attached hereto. *See Ex. 4, DOD Certification*. Once default judgment is entered, the Court should enter discharge of USAA FSB,

and order that once Mr. LaVean fills out the necessary paperwork, he will have full control of the funds in the Brokerage IRA at issue in this case.

## PRAYER

USAA FSB requests default judgment against Jeanne Baird. Upon entry of the default judgment against Jeanne Baird, USAA FSB further requests the following relief set forth in the paragraphs below, to finally resolve all the remaining outstanding issues in this case:

(a) An order restraining Defendants, and each of them, from instituting or further prosecuting any other proceeding affecting the rights and obligations between and among the parties to the interpleader and their agents until further order of the Court;

(b) An order awarding USAA FSB reasonable court costs of $660, to be deducted from the account

(c) An order that Mr. LaVean be given full and complete control over the assets of the IRA, other than those used to pay the attorneys' fees and costs awarded by the Court;

(d) An order that, after USAA FSB files with the Court a declaration under oath certifying to the Court that control of the Brokerage Account has been transferred to Mr. LaVean, the Clerk shall release back to USAA FSB the $10,000 cash bond filed with the District Clerk;

(e) That final judgment be entered, discharging USAA FSB from further liability.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: *Theodore Schultz*
Theodore C. Schultz
Attorney In Charge
State Bar No. 00797393
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
Email: tschultz@lstlaw.com

4

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a copy of the foregoing Motion for Entry of Default Judgment and Discharge was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 14th day of September 2015, addressed to those who do not receive notice from the Clerk of the Court.

    Michael J. Rogers
    THE ROGERS LAW FIRM, P.C.
    108 E. Chambers Street
    Cleburne, Texas 76031

    Jeanne Baird
    4617 Foster Ranch Road
    Austin, Texas 78735

                                                          */s/ Theodore Schultz*
                                                          Theodore C. Schultz