IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USAA FEDERAL SAVINGS BANK, | § § § § | |
| *Plaintiff,* | | |
| v. | § § § § § § § | Civil Action No. SA-15-CV-00194-XR |
| GILBERT LAVEAN And JEANNE BAIRD, | | |
| *Defendants*. | | |

**ORDER**

Before the Court is Plaintiff USAA Federal Savings Bank's ("USAA") Motion for Default Judgment, pursuant to Federal Rule of Civil Procedure 55. Docket no. 10. For the following reasons, the Court GRANTS the motion.

**I.     Background**

On March 16, 2015, USAA filed a Complaint for Interpleader in order to interplead the funds in a Self-Directed IRA of decedent, Mitchell LaVean, into the registry of the court, so that the court and all interested parties could determine who is entitled to the funds. Docket no. 1.

On April 9, 2015, Gilbert LaVean filed an Answer to the Complaint. Docket no. 5.

On April 10, 2015, the court ordered bond of $10,000, which USAA later provided, and determined that all other jurisdictional requirements for statutory interpleader were met. Docket no. 6.

On April 22, 2015, Defendant Jeanne Baird was personally served with a summons and a copy of the Complaint. Docket no. 7.

More than twenty-one (21) days had elapsed since April 22, 2015, and Defendant Jeanne Baird had failed to answer or otherwise defend against USAA's Complaint in Interpleader or to serve a copy of an answer or other responsive pleading to counsel for the plaintiff. FED. R. CIV. P. 12(a)1(1)(A)(i). Therefore, on July 22, 2015, the Deputy Clerk of this court, after reviewing the Application for Entry of Default and supporting Affidavit, and pursuant to FED. R. CIV. P. 55(a), entered default against Defendant Baird. Docket no. 9. Jeanne Baird has made no indication she plans to contest this action and has not answered the Complaint. Docket no. 10 at 2–3.

USAA now moves for default judgment and discharge. LaVean has not objected to the request for fees or discharge.

## II.     Legal Standard

Under FED. R. OF CIV. P. 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has entered the party's default based upon a failure to plead or otherwise defend the action. A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Saldana v. Zubha Foods, LLC*, 2013 WL 3305542 (W.D. Tex. 2013)(*citing New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996)). Even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *accord Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Generally, the entry of default judgment is committed to the discretion of the district court. *Mason v.*

*Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Among the factors a district court may consider when deciding whether to grant a default judgment are: (1) whether the default was caused by a good-faith mistake or excusable neglect; (2) whether there has been substantial prejudice; (3) the harshness of a default; (4) whether there are material issues of fact; (5) whether grounds for a default judgment are clearly established; and (6) whether the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The court may conduct a hearing or make referrals to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2).

### III.     Analysis

According to the Plaintiff's Motion for Default Judgment, an attorney purporting to speak for Defendant Jeanne Baird has indicated that Baird has no intention of responding to the complaint. Docket no. 10 at 2–3. Looking at the above factors, there is nothing in this case to indicate that a default judgment should be avoided. The default was not caused by a mistake, as Baird was served and aware of the pending litigation. Issuance of a default judgment would not cause prejudice. It is not harsh, because it simply allows the Plaintiff to no longer face possible double liability. It is unlikely that a default judgment would be set aside. Examining the factors, it is clear that Baird is in default and a default judgment should be granted against her.

The effect of a default judgment against a defendant named in an interpleader is that the party "'who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.'" *Metro. Life Ins. Co. v. Theriot*, No. 08-

01480, 2010 WL 4644057 (W.D. La. Nov. 8 2010)(quoting *Shuqualak Lumber Co., Inc. v. Hardin*, No. 1:08CV297–P–S, 2009 WL 2767676, 1-2 (N.D. Miss. Aug. 27, 2009). Thus, the Court finds that Defendant Baird by her default has forfeited any claim to the interpleaded funds. The Court need not consider the merits of which party is entitled to the funds, since only Defendant LaVean has answered. *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("if all but one named interpleader defendants defaulted, the remaining defendant would be entitled to the fund."); *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 & n. 6 (2d Cir. 1983) (default of interpleader defendants expedited conclusion of interpleader action by obviating need for judicial determination of answering defendant's entitlement to stake). As a result, Defendant Gilbert LaVean is entitled to the proceeds from the IRA account.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion for entry of default judgment is GRANTED. The Court ORDERS the following:

(a) The Court awards USAA reasonable court costs of $660, to be deducted from the IRA account;

(b) The Court orders that Gilbert LaVean is given full and complete control over assets of the IRA, other than those used to pay the attorneys' fees and costs awarded by the Court;

(c) The Court orders that, after USAA files with the Court a declaration under oath certifying to the Court that control of the Brokerage Account has been transferred to

Gilbert Lavean, the clerk shall release back to USAA the $10,000 cash bond filed with the District Clerk;

(d) The Court discharges USAA from further liability.

This matter is now CLOSED.

It is so ORDERED.

SIGNED this 1st day of October, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE